LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1ˢᵗ Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Ally Bank

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Donnell B. Simon<br>         Debtor(s) | Chapter 13 Proceeding<br><br>No. 17-14928 ELF |
| Ally Bank<br>         Objectant(s)<br><br>v.<br><br>Donnell B. Simon<br>         Respondent(s) | |

### STIPULATION BY AND DONNELL B. SIMON AND ALLY BANK

WHEREAS, on November 15, 2017 Ally Bank filed a Proof of Claim (Claim No.

4). Per the filed Claim as of the date of the filing of the bankruptcy petition the secured

amount due Ally Bank was $22,461.03 and the pre-petition arrears due Ally Bank was

$6,801.90;

WHEREAS, Ally Bank's Claim is based on a second Mortgage and Note

executed by Donnell B. Simon (hereinafter "Debtor") on July 13, 2007 (loan no.

xxxxxx3064). The second Mortgage gives GMAC Mortgage LLC a security interest in

the Debtor's property located at 227 Baily Rd., Yeadon, PA 19050 hereinafter "the

property"). The second Mortgage was recorded in the Delaware County Recorder of

{00486098} 1

Deeds Office on July 23, 2007 in book 4159 page 179. The Mortgage was assigned to

Ally Bank via an Assignment of Mortgage recorded in the Delaware County Recorder of

Deeds Office on September 15, 2017 in book 6062 page 101;

WHEREAS, on January 23, 2018 Debtors filed an Amended Plan. The Amended

Plan proposes to modify Ally Bank c/o Cenlar's secured claim and pay Ally Bank c/o

Cenlar a modified principal balance of $0.00;

WHEREAS, on February 6, 2018 Ally Bank filed an Objection to the Amended

Plan;

WHEREAS, the parties wish to avoid the time and expense of an adversary action

to determine the secured status of Ally Bank's claim; and

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the

disposition of the Objection to Plan and stipulate and agree as follows:

1. The parties agree that the property has a value of $140,000.00.

2. The parties agree that the first mortgagee, New Penn Financial, LLC d/b/a

    Shellpoint Mortgage Servicing, has a secured claim of $237,359.69 (Claim No.

    5).

3. For purposes of settling the Objection to Plan only and without admitting any

    liability the parties agree that Ally Bank's secured claim (Claim No. 4) is $0.00.

4. Ally Bank's claim (Claim No. 4), $22,461.06, shall be treated as a general

    unsecured claim.

5. Upon the completion the Plaintiff's Chapter 13 Plan payments and the entry of a

    discharge order, the cram down will be completed and Ally Bank it's successors

    and/or assigns shall release its lien on the property. Said lien was recorded in the

Simon -# 17-14928

Delaware County Recorder of Deeds Office on July 23, 2007 in book 4159 page 179.

6. Should the bankruptcy be dismissed for any reason whatsoever or should this case to converted to a Chapter 7 this Stipulation shall be null and void and the original terms of the Note and second Mortgage dated July 13, 2007 shall be in effect. Should one of these situations occur Ally Bank, will not release its lien on the property.

7. The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

/s/ Timothy Zearfoss                           Date: 2/13/2018
Timothy Zearfoss., Esquire
Attorney for Donnell B. Simon and

_____     Date: _____
Mary K. Kennedy, Esquire
Attorney for Ally Bank

NO OBJECTION
without prejudice to any
trustee rights or remedies

_____     Date: _____
William C. Miller, Esquire
Chapter 13 Trustee

On this ___ day of _____, 2018, approved by the Court.

_____
United States Bankruptcy Judge
Eric L. Frank

(00186098)3