LAW OFFICE OF GREGORY JAVARDIAN, LLC
By Mary F. Kennedy, Esquire
Attorney I.D. # 77149
1310 Industrial Blvd.
1st Floor, Suite 101
Southampton, PA 18966
(215) 942-9690
Attorney for Ally Bank

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br>Donnell B. Simon<br>      Debtor(s) | Chapter 13 Proceeding<br><br>No. 17-14928 ELF |
| Ally Bank<br>      Objectant(s) | |
| v. | |
| Donnell B. Simon<br>      Respondent(s) | |

**STIPULATION BY AND DONNELL B. SIMON AND ALLY BANK**

WHEREAS, on November 15, 2017 Ally Bank filed a Proof of Claim (Claim No. 4). Per the filed Claim as of the date of the filing of the bankruptcy petition the secured amount due Ally Bank was $22,461.03 and the pre-petition arrears due Ally Bank was $6,801.90;

WHEREAS, Ally Bank's Claim is based on a second Mortgage and Note executed by Donnell B. Simon (hereinafter "Debtor") on July 13, 2007 (loan no. xxxxxx3064). The second Mortgage gives GMAC Mortgage LLC a security interest in the Debtor's property located at 227 Baily Rd., Yeadon, PA 19050 hereinafter "the property"). The second Mortgage was recorded in the Delaware County Recorder of

Deeds Office on July 23, 2007 in book 4159 page 179. The Mortgage was assigned to Ally Bank via an Assignment of Mortgage recorded in the Delaware County Recorder of Deeds Office on September 15, 2017 in book 6062 page 101;

WHEREAS, on January 23, 2018 Debtors filed an Amended Plan. The Amended Plan proposes to modify Ally Bank c/o Cenlar's secured claim and pay Ally Bank c/o Cenlar a modified principal balance of $0.00;

WHEREAS, on February 6, 2018 Ally Bank filed an Objection to the Amended Plan;

WHEREAS, the parties wish to avoid the time and expense of an adversary action to determine the secured status of Ally Bank's claim; and

WHEREAS, the parties hereto, and their respective counsel, have agreed as to the disposition of the Objection to Plan and stipulate and agree as follows:

1. The parties agree that the property has a value of $140,000.00.
2. The parties agree that the first mortgagee, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing, has a secured claim of $237,359.69 (Claim No. 5).
3. For purposes of settling the Objection to Plan only and without admitting any liability the parties agree that Ally Bank's secured claim (Claim No. 4) is $0.00.
4. Ally Bank's claim (Claim No. 4), $22,461.06, shall be treated as a general unsecured claim.
5. Upon the completion the Plaintiff's Chapter 13 Plan payments and the entry of a discharge order, the cram down will be completed and Ally Bank it's successors and/or assigns shall release its lien on the property. Said lien was recorded in the

Simon - # 17-14928

Delaware County Recorder of Deeds Office on July 23, 2007 in book 4159 page 179.

6. Should the bankruptcy be dismissed for any reason whatsoever or should this case to converted to a Chapter 7 this Stipulation shall be null and void and the original terms of the Note and second Mortgage dated July 13, 2007 shall be in effect. Should one of these situations occur Ally Bank, will not release its lien on the property.

7. The parties agree that a facsimile may be submitted to the Court as if it were an original.

STIPULATED AND AGREED TO BY:

/s/ Timothy Zearfoss                              Date: 2/13/2018
Timothy Zearfoss., Esquire
Attorney for Donnell B. Simon and

_____                         Date: 2/14/2018
Mary K. Kennedy, Esquire
Attorney for Ally Bank

NO OBJECTION without prejudice to any trustee rights or remedies

_____                         Date: 2/14/2018
William C. Miller, Esquire
Chapter 13 Trustee

**O R D E R**

On this <u>16th</u> day of <u>February</u>, 2018, approved by the Court.

_____
**ERIC L. FRANK**
**CHIEF U.S. BANKRUPTCY JUDGE**